UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GULF COPPER & MANUFACTURING CORPORATION<br>　　　Plaintiff<br><br>VERSUS<br><br>M/V LEWEK EXPRESS, her engines, tackle, furniture, apparel, boilers, equipment, and appurtenances, etc., *in rem*,<br>　　　Defendant | CIVIL ACTION NO. 19-0034<br><br>IN ADMIRALTY<br><br>F.R.C.P. 9(h) AND RULE C |

## **VERIFIED COMPLAINT IN INTERVENTION**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff-in-Intervention, Gulf Marine Fabricators, LP, and for its Verified Complaint in Intervention against the LEWEK EXPRESS, IMO Number 8116049, her engines, tackle, furniture, apparel, boilers, equipment, and appurtenances, etc., *in rem*, stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, alleges upon information and belief as follows:

### JURISDICTION AND PARTIES

1.

Jurisdiction is proper in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is also proper in this district in accordance with 28 U.S.C. §§ 1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.

At all material times, Plaintiff-in-Intervention, Gulf Marine Fabricators, LP (hereinafter referred to as "Gulf Marine") was and now is a limited partnership organized under the laws of the State of Texas and doing business within the State of Texas, and within the jurisdiction of this Honorable Court.

3.

At all material times, defendant, the Vessel, LEWEK EXPRESS, bearing IMO Number 8116049 (hereinafter referred to as the "Vessel"), was and still is a pipe-lay vessel documented under the laws of Vanuatu and owned by Ocean Lion Shipping, Ltd. ("Ocean Lion"), a foreign entity existing under the laws of Singapore. The Vessel is now or will during the pendency of this lawsuit be upon the navigable waters of the State of Texas, within this district, and within the jurisdiction of this Honorable Court.

**FACTS AND CLAIMS**

4.

On or about October 5, 2017, EXPRESS Subsea LLC ("EXPRESS"), as the designated agent of Ocean Lion, approached Gulf Marine relative to mooring the Vessel at Gulf Marine's facility in Aransas Pass, Texas. Gulf Marine and EXPRESS entered into a Vessel Mooring Agreement (sometimes referred to herein as the "Agreement"), pursuant to which Gulf Marine agreed to provide dockage, mooring, and other services to the Vessel at Gulf Marine's facility at 1982 FM Rd. 2725, Aransas Pass, Texas 78336, at or about the intersection of the Intracoastal Waterway and the Corpus Christi Ship Channel at Mile Marker 36 (referred to as "Gulf Marine's Facility" or the "Facility"). Such services were essential to and necessary for the operation of the Vessel and accomplishment of her mission.

5.

Under the Vessel Mooring Agreement, Gulf Marine was to be paid a daily mooring fee of $3,500.00, as well as additional costs, fees, and taxes associated with the mooring and berthing of the Vessel at Gulf Marine's Facility and the services and equipment provided to the Vessel by Gulf Marine.

6.

From October 5, 2017 through July 24, 2018, Gulf Marine provided dockage, mooring, and other services to the Vessel at Gulf Marine's facility.

7.

EXPRESS has failed to remit timely and complete payment of the amounts invoiced by Gulf Marine for the services provided to the Vessel. On November 26, 2018, EXPRESS made a one-time payment to Gulf Marine in the amount of $183,897.56, which Gulf Marine credited against the amounts for dockage, mooring, and other services provided to the Vessel. Following said payment by EXPRESS, Gulf Marine was and is presently owed $350,934.96 for dockage, mooring, and other services that Gulf Marine provided to the Vessel.

8.

On or about April 4, 2018, Gulf Marine issued a Notice of Termination of the Vessel Mooring Agreement, pursuant to Section 9.1(a) of the Vessel Mooring Agreement, as amended, for non-payment of amounts invoiced, due, and owing.

9.

In the Notice of Termination, dated April 4, 2018, Gulf Marine provided formal notice of its intent to terminate the Vessel Mooring Agreement and directed EXPRESS to remove the Vessel from the Facility within thirty (30) days of the date of the Notice of Termination, on or before May 4, 2018.

10.

On or about April 20, 2018, Gulf Marine sold the Facility to a third party, South Texas Gateway Terminal LLC ("Terminal"). On the same date, Gulf Marine and Terminal entered into an Access and Use Agreement, pursuant to which Gulf Marine was authorized to access and use the Facility for a limited duration for the purpose of removing, among other things, the Vessel. Gulf Marine was required to remove the Vessel at the risk of incurring substantial damages and/or penalties for delay.

11.

EXPRESS failed to timely remove the Vessel from Gulf Marine's Facility on or before May 4, 2018, in violation of the Vessel Mooring Agreement, as amended, and Gulf Marine's Notice of Termination. The failure to timely remove the Vessel from Gulf Marine's Facility caused Gulf Marine to sustain and incur various damages, including but not limited to lost business opportunities and profits, as well as other damages stemming from the failure to timely remove the Vessel from the Facility.

12.

On or about July 21, 2018, Gulf Marine and EXPRESS executed a Removal Agreement, pursuant to which EXPRESS was required to remove the Vessel from Gulf Marine's Facility on or before July 25, 2018. Under the Removal Agreement, the Vessel was to be towed from Gulf Marine's Facility to a facility owned and/or operated by Gulf Copper & Manufacturing Corporation ("Gulf Copper") at 2920 Todd Road, Galveston, Texas 77554, in the Galveston Channel (hereinafter referred to as "Gulf Copper's Facility"). Upon information and belief, the Vessel was towed from Gulf Marine's Facility to Gulf Copper's Facility on or about July 24, 2018.

13.

Gulf Marine agreed to advance lumpsum removal and towage advances to ensure that the Vessel could be promptly removed from Gulf Marine's Facility, and to avoid incurring additional substantial penalties associated with failure to timely remove the Vessel from Gulf Marine's Facility subsequent to its sale to Terminal.

14.

The amount of actual lumpsum removal and towage advances paid by Gulf Marine for the Vessel's removal, and the amount that remains due and owing to Gulf Marine, is $227,808.80. Such advances were essential to and necessary for the operation of the Vessel and accomplishment of her mission.

15.

As of the filing of this Verified Complaint in Intervention, Gulf Marine is owed $350,934.96 for unpaid dockage and mooring fees and $227,808.80 for the lumpsum removal and towage advances. In total, Gulf Marine is owed $578,743.76 for dockage, mooring, removal, towage, and other services that it provided directly to the Vessel or advanced on behalf of the Vessel. The above-listed figure of $578,743.76 does not include (a) interest, (b) attorneys' fees, or (c) other unliquidated amounts to which Gulf Marine is duly and justly entitled, including (1) damages incurred by Gulf Marine in connection with the termination of the Vessel Mooring Agreement, and (2) damages incurred by Gulf Marine due to EXPRESS's failure to timely remove the Vessel from Gulf Marine's Facility.

**RULE C ARREST**

16.

Gulf Marine is entitled to a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the

United States and to have it sold to satisfy any judgment which might be rendered in this matter. Gulf Marine provided goods and services for the Vessel on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 *et seq*.

17.

The Vessel is truly and justly indebted to Gulf Marine for the damages as aforesaid and as to be shown more particularly at trial.

18.

Despite numerous amicable demands and upon notice of monies owed by the Vessel and requests for payment of the aforementioned charges, the debt has not been paid.

19.

Gulf Marine further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking and mooring the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of its sale.

20.

Gulf Marine reserves the right to amend any article of this Verified Complaint as facts become better known.

21.

In accordance with applicable Local Admiralty Rules, Gulf Marine agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, Plaintiff-in-Intervention, Gulf Marine Fabricators, LP, prays:

1. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to be issued by the Court against the M/V LEWEK EXPRESS bearing IMO Number 8116049, her engines, tackle, furniture, apparel, boilers, equipment, and appurtenances, etc. and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the M/V LEWEK EXPRESS be seized, condemned, and sold to satisfy all amounts owed to Gulf Marine, as set forth herein;

2. For Judgment *in rem*, against the M/V LEWEK EXPRESS in the full amount due as set forth herein, including pre-judgment interest, expenses, attorneys' fees, and costs;

3. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Gulf Marine as set forth herein; and

4. That this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

This 29th day of March, 2019.

Respectfully submitted,

*/s/ Christopher K. Ulfers*
Michael W. McCoy (Texas Bar No. 13471850; S.D. Tex. ID No. 3801)
Jones Walker LLP
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1878
Facsimile: (713) 437-1910
Email: mmccoy@joneswalker.com
*Attorney for Gulf Marine Fabricators, LP*

*Of Counsel:*

WILLIAM C. BALDWIN (#31613)
CHRISTOPHER K. ULFERS (La. Bar No. 36712; S.D. Tex. ID No. 3059069)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8315
Facsimile:     (504) 589-8315
Email:  wbaldwin@joneswalker.com
            culfers@joneswalker.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GULF COPPER & MANUFACTURING CORPORATION<br>　　　Plaintiff<br><br>VERSUS<br><br>M/V LEWEK EXPRESS, her engines, tackle, furniture, apparel, boilers, equipment, and appurtenances, etc., *in rem*,<br>　　　Defendant | CIVIL ACTION NO. 19-0034<br><br>IN ADMIRALTY<br><br>F.R.C.P. 9(h) AND RULE C |

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF　HARRIS**

BEFORE ME, the undersigned authority, personally came and appeared:

**TODD LADD**

who, after being duly sworn, did depose and say that:

1.

He is the Executive Vice President and Chief Operating Officer of Gulf Island Fabrication, Inc., the parent company of the wholly owned subsidiary of Gulf Marine Fabricators, LP, which is the plaintiff in the above-captioned matter;

2.

He read the foregoing Verified Complaint in Intervention, and it is true and correct to the best of his knowledge, information, and belief;

{N3794925.2}

3.

The sources of his said knowledge, information, and belief are his position of Chief Operating Officer, his personal knowledge arising from the course and scope of his employment, and his review of certain business records, which are ordinarily kept and readily accessible to him; and

4.

He is authorized to make this Verification on behalf of Gulf Marine Fabricators, LP.

_____
TODD LADD

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, ON THIS
__28__ DAY OF MARCH, 2019.

_Alexandra Kuhn_
NOTARY PUBLIC
BAR / NOTARY I.D. NO. 129059837
MY COMMISSION EXPIRES: July 20, 2020

ALEXANDRA KUHN
My Notary ID # 129059837
Expires July 20, 2020

{N3794925.2}

2